UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Jeffrey W.[1]

Plaintiff,

v.

Commissioner Social Security Administration,

Defendant.

Case No. 1:25-cv-01795-CL

**OPINION AND ORDER**

**CLARKE,** United States Magistrate Judge.

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff Jeffrey W. seeks judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his application for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The parties consent to the jurisdiction of a magistrate judge. ECF No. 4. The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). With that standard of review applied, the Commissioner's decision is AFFIRMED.

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

## BACKGROUND

Plaintiff alleges a narrow legal error in this case—failure to properly categorize his past relevant work ("PRW")—and the Court focusses its recitation of the facts accordingly.

Plaintiff worked as a cabin cleaner for a mountain resort from March 1, 2018 until September 1, 2019. Tr. 392, 408.[2] Plaintiff alleged disability beginning September 1, 2019. Tr. 319. On July 14, 2020, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Tr. 319.

On August 16, 2024, the ALJ issued a final written decision. Tr. 136-57. The ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that he had severe impairments. Tr. 142. The ALJ found that Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of one of the impairments considered disabled by definition. Tr. 142. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work with some exceptions. Tr. 144.

At the previously held administrative hearing, a vocational expert ("VE") testified that Plaintiff had PRW as a housekeeping cleaner, a job considered light exertional, heavy as performed. Tr. 36. The VE testified that, hypothetically, Plaintiff could perform his PRW as a housekeeping cleaner as generally performed but not as actually performed. Tr. 36.

At step four of the sequential evaluation, the ALJ compared Plaintiff's RFC and the demands of his PRW and determined Plaintiff could still perform such work. Tr. 148; 20 C.F.R. § 404.1520(e). The ALJ concluded Plaintiff was not disabled. Tr. 148-49.

---

[2] The Court cites the Transcript of Social Security Administrative Record, ECF No. 7, as "Tr. [page number]."

## DISCUSSION

Plaintiff argues that his work cleaning cabins does not meet the definition of PRW because it occurred outside the five-year lookback period, and the ALJ therefore erred in considering it at step four. The Court disagrees.

On June 22, 2024, the Administration changed the definition of PRW from work done within the past fifteen years, to work done within the past five years. *Compare* Social Security Ruling ("SSR") 82-62, 1982 WL 31386 *with* SSR 24-2p, 2024 WL 3291790. The more recent SSR (applicable here) also states that "Work that the individual started and stopped in fewer than 30 calendar days is not PRW." SSR 24-2p 2024 WL 3291790 at *3; 20 C.F.R. §§ 404.1560(b)(1)(i)-(ii) and 416.960(b)(1)(i)-(ii). The 30-day requirement and the five-year period requirement are distinct, defined in independent sentences.

Here, the five-year period ends on the "date of adjudication," which is the date of the ALJ's decision, August 16, 2024. SSR 24-2p; Tr. 136-57. Therefore, the relevant five-year period for Plaintiff's PRW is August 17, 2019 through August 16, 2024.[3] Plaintiff worked as a cabin cleaner from March 1, 2018 until September 1, 2019, and did not work thereafter. Plaintiff asserts that because his work during the five-year period lasted less than 30 days (August 17, 2019 to September 1, 2019), his work as a cabin cleaner does not qualify as PRW, and the ALJ erred in considering it at step four.

---

[3] Although harmless, Plaintiff incorrectly asserts that the five-year period in this case is August 16, 2019 through August 16, 2024. Pl.'s Br. at 4, ECF No. 12. The correct calculation is August 17, 2019 through August 16, 2024. *See* Soc. Sec. Admin., Program and Operations Manual System (POMS) DI 25005.015(B) *Determination of Capacity for Past Work—Relevance Issues* (eff. Oct. 1, 2026), https://secure.ssa.gov/poms.NSF/lnx/0425005015 [https://perma.cc/EL73-NMQS]. ("When determining whether work is within the relevant period, consider the relevant period to begin five years prior to its ending date (e.g., if the relevant period ended 12/20/2024, it began on 12/21/2019").

The flaw in Plaintiff's reasoning is that Plaintiff's work cleaning cabins was not "started and stopped in fewer than 30 calendar days." SSR 24-2p. Rather, he performed the work for over a year, stopping about two weeks into the five-year period. Agency Policy contemplates this kind of scenario and advises that such work meets the definition of PRW:

> **IMPORTANT:** If any portion of the period when the claimant performed past work extends into the relevant five-year period, the work is in the relevant period. If the work meets the other criteria for PRW, consider it to be relevant.
>
> **EXAMPLE:** The claimant worked as a cashier from 1/20/2006 to 12/10/2020. If the Disability Determination Services (DDS) adjudicates the case on 11/20/2025 . . . the claimant's cashier work is within the relevant period because a portion of the period of performance is within the five-year period prior to the 11/20/2025 adjudication date.

POMS DI 25005.015(B). In other words, although the claimant only worked for about two weeks (11/21/2020 to 12/10/2020) during the five-year period (11/21/2020 to 11/20/2025), the work is considered PRW because it lasted more than 30 days (1/20/2006 to 12/10/2020).

Here, Plaintiff's work cleaning cabins lasted more than 30 days and extended into the five-year period. The ALJ did not err in considering Plaintiff's work cleaning cabins PRW.

## CONCLUSION

The Commissioner's decision is AFFIRMED.

DATED this 20 day of November, 2026.

MARK D. CLARKE
United States Magistrate Judge